IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| EVOLUTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 01-2409-CM |
| ) | |
| SUN TRUST BANK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On November 5, 2004, a jury verdict was awarded to defendants Sun Trust Bank and Premium Assignment Corporation and against plaintiff Evolution, Inc., in the amount of $89,365.00. Plaintiff has filed a notice of appeal with this court (Doc. 270). Now pending before the court is plaintiff's Motion for Stay of Proceedings to Enforce Judgment Pending Appeal (Doc. 273).

Pursuant to Fed. R. Civ. Proc. 62(d), an appellant has the right to stay the enforcement of a money judgment by posting a supersedeas bond. Local rules require that, unless otherwise directed by the court, the security provided to stay execution of a money judgment shall equal the amount of the judgment "plus 25% of that amount to cover interest and any award of damages for delay." D. Kan. R. 62.2. Rather than filing a supersedeas bond, however, plaintiff filed an irrevocable standby letter of credit in the amount of $111,706.25, equaling the $89,365.00 judgment plus 25%.

A district court has discretionary authority to allow a stay of proceedings without a full supersedeas bond "when the judgment creditor's interests would not be unduly endangered." *Wilmer v. Bd. of County Comm'rs of Leavenworth County*, 844 F. Supp. 1414, 1419 (D. Kan. 1993) (citing *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986); *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). Moreover, "[w]aiver of the requirement of a bond in the full amount will only be granted if the appellant objectively demonstrates good cause." *Id.* (citing *Lamon v. City of Shawnee, Kan.*, 758 F. Supp. 654, 655 (D. Kan. 1991); *Metz v. United States*, 130 F.R.D. 458, 459 (D. Kan. 1990)). The court may consider several factors when deciding whether to waive a full supersedeas bond requirement, including "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Id.* (citing *Brinkman v. Dep't of Corr.*, 815 F. Supp. 407, 408-09 (D. Kan. 1993)).

Here, plaintiff has taken no steps to assert or demonstrate good cause, and defendants are unwilling to accept a letter of credit in lieu of a supersedeas bond. Accordingly, the court is unwilling to deviate from the standard supersedeas bond requirement. *See Dow Chem. Corp. v. Weevil-Cide Co.*, 1988 Dist. LEXIS 8004, at *3 (D. Kan. July 26, 1988).

**IT IS THERFORE ORDERED** that plaintiff Evolution, Inc.'s Motion for Stay of Proceedings to Enforce Judgment Pending Appeal (Doc. 273) is denied.

-3-

Dated this 10th day of January 2005, at Kansas City, Kansas.

                                    **/s Carlos Murguia**
                                    **CARLOS MURGUIA**
                                    **United States District Judge**