IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EVOLUTION, INC.,**              ) | |
| ) | |
| **Plaintiff,**              ) | |
| ) | **CIVIL ACTION** |
| v.              ) | |
| ) | **No. 01-2409-CM** |
| **SUNTRUST BANK and,**              ) | |
| **PREMIUM ASSIGNMENT CORPORATION,**   ) | |
| ) | |
| **Defendants.**              ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendants Suntrust Bank and Premium Assignment Corporation's Motion for Award of Attorneys' Fees as Costs (Doc. 268) and plaintiff Evolution, Inc.'s Second Motion for Stay of Proceedings to Enforce Judgment Pending Appeal (Doc. 279).

**I.     Motion for Award of Attorney Fees as Costs**

**A.     Background**

On November 5, 2004, a jury verdict and court judgment was entered in favor of defendants and against plaintiff for $89,365.00 plus defendants' "costs of action." On December 6, 2004, defendants filed a Motion for Award of Attorneys' Fees as Costs.

**B.     Analysis**

At issue is whether defendants' request for attorney fees was timely.[1] Plaintiff argues that defendants' motion was untimely and that the untimely filing was not the result of excusable neglect.

The Federal Rules of Civil Procedure mandate that the motion for attorney fees must be filed no later than fourteen days after entry of judgment. Fed. R. Civ. P. 54(d)(2)(B). Defendants argue that this is not a typical request for attorney fees because the Copyright Act, under which plaintiff brought suit, gives the court discretion to award reasonable attorney fees to the prevailing party as part of its costs. 17 U.S.C. § 505; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). The judgment at issue expressly awarded "costs" to defendants. Accordingly, defendants argue, the Rule 54(d)(2)(B) deadline should not apply because attorney fees are included in the definition of costs by virtue of the Copyright Act.

The Copyright Act does not, however, mandate a deadline for the filing of attorney fees; the Federal Rules alone mandate the deadline for filing motions for attorney fees in federal court.[2] Moreover, the Copyright Act does not negate application of the Federal Rules.

Here, judgment was entered for defendants on November 5, 2004, and defendants filed their motion for attorney fees on December 6, 2004. Because defendants waited thirty days after the entry of

---

[1] Plaintiff's response to defendants' request for attorney fees focuses solely on its position that defendants' motion is untimely. Plaintiff also requests the opportunity to submit a substantive response should the court grant defendants' leave to file their request for attorney fees out of time.

[2] Significantly, other courts have also applied the fourteen day Federal Rules deadline to this situation and held that motions for attorney fees filed under § 505 of the Copyright Act must follow the fourteen day deadlines proscribed in Fed. Civ. R. P. 54(d)(2)(B). *See Video-Cinema Films, Inc. v. Cable News Network, Inc.*, 2003 WL 1701904, at *2 (S.D.N.Y. March 31, 2003). *Mattel, Inc. v. Radio City Entm't*, 210 F.R.D. 504, 505 (S.D.N.Y. 2002); *Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1482 (N.D. Ga. 1997).

judgment before filing their motion, the court finds that defendants' motion for attorney fees as costs is untimely under Fed. R. Civ. P. 54(d)(2)(B).

Moreover, defendants should have followed Local Rule 54.2, which states:

> The court will not consider a motion to award statutory attorney's fees made pursuant to Fed. R. Civ. P. 54(d)(2) until the moving party shall have first advised the court in writing that after consultation promptly initiated by the moving party, the parties have been unable to reach an agreement with regard to the fee award. The statement of consultation shall set forth the date of the consultation, the names of those who participated, and the specific results achieved.
>
> If the parties reach an agreement, they shall file an appropriate stipulation and request for an order. If they are unable to agree, within 30 days of the filing of the motion under Fed. R. Civ. P. 54(d)(2), the moving party shall file the statement of consultation required by this rule and a memorandum setting forth the factual basis for each criterion which the court is asked to consider in making an award. Other parties shall have 10 days in which to file a response to the memorandum. The memorandum shall be supported by time records, affidavits, or other evidence.

D. Kan. Rule 54.2.

Thus, defendants should have (1) filed a Rule 54(d)(2) motion within fourteen days of judgment; (2) initiated a consultation with plaintiff regarding attorney fees; and (3) if such consultation did not result in agreement, filed a statement of consultation with the court within thirty days of filing their Rule 54(d)(2) motion.

Defendants alternatively argue that if the court determines that their motion was untimely, the court should find that the untimely filing constitutes excusable neglect given the ambiguity of Rule 54(d)(2)(B). The Federal Rules of Civil Procedure gives courts discretion to relieve a party from a deadline upon a showing of, among other things, excusable neglect. Fed. R. Civ. P. 60(b)(1).

> Excusable neglect is an equitable concept whereby the court takes into account all the relevant circumstances surrounding the delay. Pertinent factors include: (1) the danger of prejudice to the other side; (2) the length of delay and its potential impact on proceedings; (3) the reason for the delay and whether it was in the control of the party; and (4) whether the movant acted in good faith.

*Leidel v. Ameripride Servs., Inc.*, 322 F. Supp. 2d 1206, 1210 (D. Kan. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394-95 (1993)). Plaintiff did not assert that it was prejudiced by the sixteen-day delay or that defendants did not act in good faith. Therefore, the pertinent factor for the court's consideration is the reason for defendants' delay. The court finds that the interaction between these authorities in this circumstance created confusion as to the filing deadline. While the court expects parties to be cognizant of and to follow the Federal Rules, in this case, defendants' relatively short delay did not result in prejudice to plaintiff, nor was it done in bad faith. Accordingly, the court finds that defendants' delay was the result of excusable neglect.

## II.     Motion for Stay of Proceedings

On November 5, 2004, a jury verdict was awarded to defendants and against plaintiff in the amount of $89,365.00. Plaintiff has filed a notice of appeal with this court (Doc. 270). Pursuant to Fed. R. Civ. P. 62(d), an appellant has the right to stay the enforcement of a money judgment by posting a supersedeas bond. Local rules require that, unless otherwise directed by the court, the security provided to stay execution of a money judgment shall equal the amount of the judgment "plus 25% of that amount to cover interest and any award of damages for delay." D. Kan. R. 62.2. Plaintiff has purchased a supersedeas bond in the amount of $111,706.25, equaling the $89,365.00 judgment plus 25%. Defendants do not oppose plaintiff's request. Finding that plaintiff has satisfied the requirements of Fed. R.

-5-

Civ. P. 62(d) and Local Rule 62.2, the court grants plaintiff's request to stay proceedings to enforce judgment pending appeal.

**IT IS THEREFORE ORDERED** that defendants' Motion for Award of Attorneys' Fees as Costs (Doc. 268) is granted in part and denied in part. Specifically, the court grants defendants' request for the court to consider its untimely motion. The court declines to consider defendants' substantive request for attorney fees until further briefing.

**IT IS FURTHER ORDERED** that, within ten days of this Order, defendants shall consult with opposing counsel to attempt agreement on the amount of attorney fees pursuant to Local Rule 54.2. If the parties are unable to come to an agreement, defendants must, within twenty days of this Order, file a statement of consultation and memorandum pursuant to Local Rule 54.2.

**IT IS FURTHER ORDERED** that plaintiff's Second Motion for Stay of Proceedings to Enforce Judgment Pending Appeal (Doc. 279) is granted. The enforcement of judgment in this case is hereby stayed pending appeal.

Dated this 8th day of August 2005, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**